LITTLE SIX, INC. and Shakopee Mde-
wakanton Sioux (Dakota) Commu-
nity, Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 99–5083.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 19, 2002.

Mary J. Streitz, Dorsey & Whitney, LLP, of Minneapolis, MN, for plaintiffs-appellants. Of counsel was Kurt V. Blue-Dog, BlueDog, Olson & Small P.L.L.P., of Minneapolis, MN.

Charles F. Marshall, Attorney, Appellate Section, Tax Division, Department of Justice, of Washington, DC, for appellee.

Before MAYER, Chief Judge, LOURIE and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

This case is back in this court on remand from the Supreme Court of the

United States for further consideration in light of *Chickasaw Nation v. United States,* 534 U.S. 84, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001). *United States v. Little Six, Inc.,* —— U.S. ——, 122 S.Ct. 642, 151 L.Ed.2d 560 (2001). The Court had granted a petition for *certiorari* following our earlier decision in this case, vacated our decision, and remanded following its decision in *Chickasaw Nation.* The issue addressed in part A of this opinion, whether wagers on Indian pull-tab games are subject to taxation under I.R.C. §§ 4401 and 4411, was not implicated in *Chickasaw Nation* and we therefore reiterate our earlier decision with regard to that aspect of this appeal. The issue in part B, however, whether appellants are exempt from those taxes under 25 U.S.C. § 2719(d)(1), is directly governed by *Chickasaw Nation* and thus we modify our initial disposition of that issue in accordance with the Court's decision. For the reasons set forth below, we conclude that appellants were properly taxed under §§ 4401 and 4411 and, because 25 U.S.C. § 2719(d)(1) does not exempt them from those taxes under the controlling authority of *Chickasaw Nation,* we affirm the decision of the Court of Federal Claims.

## BACKGROUND

This is an appeal brought by the Shakopee Mdewakanton Sioux (Dakota) Community and its wholly-owned corporation, Little Six, Inc. (collectively "Little Six"), from the decision of the United States Court of Federal Claims denying their claim for a refund of federal excise taxes and related occupational taxes paid on income they received from wagers placed on "pull-tab" games* conducted on their reservation in Minnesota between 1986 and 1992. *Little Six, Inc. v. United States,* 43 Fed.Cl. 80,

84 (Fed.Cl.1999). After conducting an audit, the Internal Revenue Service ("IRS") assessed taxes against Little Six according to I.R.C. §§ 4401 and 4411 in the amount of $174,289, which Little Six paid under protest. *Id.* After the IRS denied its administrative claim, Little Six filed this suit in the Court of Federal Claims. *Id.*

The Court of Federal Claims granted the government's motion for summary judgment and denied Little Six's cross-motion. *Id.* The court held that Indian gaming was subject to taxation under §§ 4401 and 4411, rejecting Little Six's argument that those taxes did not apply to wagers on pull-tab games because they were not "state authorized." *Id.* at 1373–75. The court further held that Little Six had not demonstrated any valid exemption from such taxes, rejecting Little Six's alternative argument that 25 U.S.C. § 2719(d)(1) exempts Indian tribes from the taxes at issue. *Id.* at 1373–75. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

■■■ We review the Court of Federal Claims' grant of a motion for summary judgment "completely and independently, construing the facts in the light most favorable to the non-moving party." *Am. Airlines, Inc. v. United States,* 204 F.3d 1103, 1108 (Fed.Cir.2000) (quoting *Good v. United States,* 189 F.3d 1355, 1360 (Fed. Cir.1999)). In reviewing a denial of a motion for summary judgment, we give considerable deference to the trial court, and "will not disturb the trial court's denial of summary judgment unless we find that the court has indeed abused its discretion." *SunTiger, Inc. v. Scientific Research*

---

* Pull-tab games are similar to state-conducted lotteries. Each pull-tab card has four or five tabs that can be peeled back to reveal whether the purchaser is entitled to a cash prize.

*Funding Group,* 189 F.3d 1327, 1333 (Fed. Cir.1999). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* When both parties move for summary judgment, the court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration. *McKay v. United States,* 199 F.3d 1376, 1380 (Fed.Cir.1999).

### A. *State Authorized Wagers*

We first address the parties' arguments concerning whether wagers placed on Indian pull-tab games are subject to taxation under I.R.C. §§ 4401 and 4411. Little Six argues that those tax provisions only apply to wagers authorized under state law and therefore do not apply to pull-tab games, which are authorized under federal law. The government responds that those tax provisions do apply to wagers on pull-tab games because all legal wagers, including those authorized under federal law, are "state authorized."

■ We agree with the government that wagers placed on Indian pull-tab games are subject to taxation under §§ 4401 and 4411 because they are "state authorized." We reach this conclusion based upon the plain language of the relevant statutes. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). Section 4401(a) provides as follows:

> (1) State authorized wagers.—There shall be imposed on any wager authorized under the law of the State in which

accepted an excise tax equal to 0.25 percent of the amount of such wager.

> (2) Unauthorized wagers.—There shall be imposed *on any wager not described in paragraph (1)* an excise tax equal to 2 percent of the amount of such wager.

I.R.C. § 4401(a) (1994) (emphasis added). Section 4411 imposes a related occupational tax and provides in relevant part that:

> (a) In general.—There shall be imposed a special tax of $500 per year to be paid by each person who is liable for the tax imposed under section 4401....

> (b) Authorized persons.—Subsection (a) shall be applied by substituting "$50" for "$500" in the case of—

> > (1) any person whose liability for tax under section 4401 is determined only under paragraph (1) of section 4401(a), and

> > (2) any person who is engaged in receiving wagers only for or on behalf of persons described in paragraph (1).

I.R.C. § 4411 (1994). Thus, according to the clear language of these two statutes, all wagers are either "state authorized" or "unauthorized," and any person who is liable for the excise tax under § 4401 must also pay the related occupational tax under § 4411.

The statutory basis for the regulation of Indian gaming is set forth in the Indian Gaming Regulation Act ("IGRA"), 25 U.S.C. §§ 2701–2721, 18 U.S.C. § 1166. Under the IGRA, tribes may operate "class II gaming" activities, which includes pull-tabs, provided that "such Indian gaming is located within a State that permits such gaming for any purpose by any person, organization or entity." 25 U.S.C. § 2710(b)(1)(A) (1994); *see also id.* § 2703(7)(A)(i) (1994) (defining "class II gaming" to include pull-tabs). Thus, in order for pull-tab games to be authorized under federal law, class II gaming must be

permitted by the state in which such gaming is located.

In the present case, the parties do not dispute the fact that Minnesota permits non-profit organizations to conduct pull-tab games. Thus, "such Indian gaming is located within a state that permits such gaming" by an organization. *Id.* § 2710(b)(1)(A). Accordingly, any wagers placed on Indian pull-tab games cannot be "unauthorized" because they are authorized under the IGRA. *Id.; id.* § 2703(7)(A)(i). We therefore conclude that pull-tab games are authorized under both federal law and the law of the state in which they are conducted, and that wagers placed on those games are "state authorized" for the purpose of assessing taxes under §§ 4401 and 4411 of the Internal Revenue Code.

## B. *Wagers Tax Exemptions*

Having determined that wagers placed on Indian pull-tab games are subject to taxation under §§ 4401 and 4411, we next turn to the issue whether Little Six is nevertheless exempt from those excise and occupational taxes under 25 U.S.C. § 2719(d)(1), which provides in relevant part that

[t]he provisions of the Internal Revenue Code of 1986 (including sections 1441, 3402(q), 6041, and 6050I, and chapter 35 of such Code) concerning the reporting and withholding of taxes with respect to the winnings from gaming or wagering operations shall apply to Indian gaming operations conducted pursuant to this chapter ... in the same manner as such provisions apply to State gaming and wagering operations.

25 U.S.C. § 2719(d)(1) (1994). We previously held that § 2719(d)(1) provides Little Six with an exemption from the gambling-related taxes imposed under chapter 35 of the Internal Revenue Code, including

§§ 4401 and 4411. *Little Six, Inc. v. United States,* 210 F.3d 1361 (Fed.Cir.2000), *vacated, United States v. Little Six, Inc.,* —— U.S. ——, 122 S.Ct. 642, 151 L.Ed.2d 560 (2001). We reached that conclusion because we determined that the inclusion within the parentheses of the phrase "chapter 35 of such Code," which contains a provision expressly exempting taxes on state wagering operations, rendered § 2719(d)(1) ambiguous when considered in conjunction with the language outside the parentheses indicating that Indian tribes are only exempt from tax provisions that "concern[ ] the reporting and withholding of taxes." *Id.* at 1365. In light of that ambiguity, we held that the Indian canon of construction set forth in *Montana v. Blackfeet Tribe of Indians,* 471 U.S. 759, 766, 105 S.Ct. 2399, 85 L.Ed.2d 753 (1985), required § 2719(d)(1) to be interpreted in favor of Little Six and therefore provided it with an exemption from the excise and occupational taxes imposed under §§ 4401 and 4411. *Little Six,* 210 F.3d at 1366.

The Tenth Circuit, however, when presented with the identical issue, interpreted § 2719(d)(1) to apply only to those provisions in the Internal Revenue Code "concerning the reporting and withholding of taxes," and thus held that § 2719(d)(1) does not provide Indian tribes with an exemption from gambling-related taxes imposed under chapter 35 of the Internal Revenue Code. *Chickasaw Nation v. United States,* 208 F.3d 871, 883–84 (10th Cir. 2000). The Supreme Court thereafter granted *certiorari* in the *Chickasaw Nation* case to resolve the conflict between that decision and this court's opinion in *Little Six.*

██ The Supreme Court agreed with the Tenth Circuit's interpretation of § 2719(d)(1). *Chickasaw Nation v. United States,* 534 U.S. 84, 122 S.Ct. 528, 151 L.Ed.2d 474 (2001). The Court deter-

mined that the parenthetical language "and chapter 35 of such Code" was merely a "bad example" that was mistakenly placed in the statute; it stated that the unambiguous language outside of the parentheses makes clear that § 2719(d)(1) only applies to tax provisions "concerning the reporting and withholding of taxes." *Id.* at 533. The Court also concluded that the original Senate bill that eventually led to the enactment of § 2719(d)(1) applied to "taxation" provisions as well as "reporting and withholding" provisions, and that therefore the removal of the term "taxation" from that bill demonstrates Congress's intent that § 2719(d)(1) apply only to the latter category of tax provisions, not to exemption from taxation. *Id.* at 534. Finally, the Court held that the Indian canon could not overcome both the evidence of congressional intent and "the canon that warns us against interpreting federal statutes as providing tax exemptions unless those exemptions are clearly expressed." *Id.* at 535 (citations omitted).

In light of the Supreme Court's holding in *Chickasaw Nation,* § 2719(d)(1) does not exempt Little Six from gambling-related taxes imposed under chapter 35 of the Internal Revenue Code. Little Six is therefore not exempt from the excise and occupational taxes imposed by I.R.C. §§ 4401 and 4411.

## CONCLUSION

We conclude that wagers on Indian pull-tab games are properly subject to taxation under I.R.C. §§ 4401 and 4411, and that 25 U.S.C. § 2719(d)(1) does not provide Little Six with an exemption from those taxes under *Chickasaw Nation.* Accordingly, we *AFFIRM.*