NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1167

LACKS INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

MCKECHNIE VEHICLE COMPONENTS USA, INC.
(doing business as Thompson International),

Defendant-Appellee,

and

HAYES WHEEL INTERNATIONAL, INC.,

Defendant-Appellee.

Steven L. Underwood, Price, Heneveld, Cooper, DeWitt & Litton, LLP, of Grand Rapids, Michigan, argued for plaintiff-appellant. With him on the brief were Matthew J. Gipson, Andrea Z. Warmbier, and David W. Wicklund, Shumaker, Loop & Kendrick, LLP, of Toledo, Ohio.

J. Michael Huget, Butzel Long, PC, of Ann Arbor, Michigan, argued for defendant-appellee McKechnie Vehicle Components USA, Inc. With him on the brief was John C. Blattner.

Stephen E. Glazek, Barris Sott Denn & Driker, LLC, of Detroit, Michigan, argued for defendant-appellee Hayes Whell International, Inc. With him on the brief was Josh J. Moss. Of counsel was Mark J. Sobanski, MacMillan, Sobanski & Todd, LLC, of Toledo, Ohio.

Appealed from: United States District Court for the Eastern District of Michigan

Senior Judge John Feikens

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1167

LACKS INDUSTRIES, INC.,

Plaintiff-Appellant,

v.

MCKECHNIE VEHICLE COMPONENTS USA, INC.
(doing business as Thompson International),

Defendant-Appellee,

and

HAYES WHEEL INTERNATIONAL, INC.,

Defendant-Appellee.

Appeal from United States District Court for the Eastern District
of Michigan in case no. 96-CV-75692, Senior Judge John Feikens.

_____

DECIDED: November 21, 2008
_____

Before MICHEL, Chief Judge, CLEVENGER and MOORE, Circuit Judges.

MICHEL, Chief Judge.

Plaintiff-Appellant Lacks Industries, Inc. ("Lacks") appeals from the grant of

summary judgment of invalidity in favor of Defendants-Appellees McKechnie Vehicle

Components USA, Inc. and Hayes Wheel International, Inc. (collectively, "Defendants"),

and the denial of Lacks' motion for summary judgment on validity. See Order, Lacks

Indus., Inc. v. McKechnie Vehicle Components USA, Inc., No. 96-75692 (E.D.Mich. Nov. 20, 2007) ("Summary Judgment Order"). The district court held that claims 11-13, 20-22, and 24-25 ("the Remaining Claims") of United States Patent No. 5,597,213 ("the '213 patent") were invalid under 35 U.S.C. § 102(b) due to Lacks' alleged pre-critical date on-sale activities. We heard oral argument on November 6, 2008. We affirm the district court's denial of Lacks' motion for summary judgment as we find no abuse of discretion. However, because we conclude that there remain genuine issues of material facts, the district court's grant of Defendants' motion for summary judgment is reversed, and the case is remanded.

## I.    BACKGROUND

Lacks commenced a multi-patent infringement action against Defendants in the United States District Court for the Eastern District of Michigan on December 18, 1996. In this appeal, the only patent left is the '213 patent. The claims at issue, the Remaining Claims, all relate to methods for assembling an overlay to a wheel.

This is our second review of the protracted litigation. In the first round, a special master found after a bench trial that Defendants infringed the Remaining Claims but that the same claims were invalid under § 102(b) as a result of Lacks' pre-critical date commercial activities. The Special Master found that none of Lacks' activities was a commercial offer for sale as defined by contract law. However, he concluded that under the totality of the circumstances, there was a definite offer. The district court adopted the Special Master's findings and conclusions.

On appeal and cross-appeal to this court, we affirmed the finding of infringement but vacated the invalidity decision. Lacks Indus., Inc. v. McKechnie Vehicle

2

Components USA, Inc., 322 F.3d 1335 (Fed. Cir. 2003). We concluded that the Special Master erred by applying an outdated legal standard that was superseded by Group One, Ltd. v. Hallmark Cards, 254 F.3d 1041, 1048 (Fed. Cir. 2001), a decision handed down after the Special Master issued his findings and conclusions. Lacks Indus., 322 F.3d at 1347. We remanded the case with the instruction that "the district court (or Special Master) should resolve whether or not it needs to take additional evidence on sales practice in the automotive industry to determine if the sales promotion activities by Lacks rise to a contractual offer for sale (and, of course, take such evidence if necessary)." Id. at 1351.

On remand, the Special Master determined that additional evidence regarding sales practice in the automotive industry was indeed warranted and that further discovery was also warranted to explore "what subsequently occurred in … [Lacks'] sales promotional activities that [were] already of record." After extensive discovery, the parties filed cross-motions for summary judgment on the issue of whether the Remaining Claims were invalid under § 102(b) because of Lacks' alleged on-sale activities. The Special Master found that five pre-critical date documents constituted commercial offers for sale, as defined in Group One. The district court adopted the Special Master's Report and Recommendation in its entirety, denied Lacks' motion for summary judgment on validity, and entered summary judgment of invalidity in favor of Defendants.

Lacks timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

A. Standard of Review

3

We review a district court's grant of summary judgment de novo. Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp., 149 F.3d 1309, 1315 (Fed. Cir. 1998). By contrast, we give considerable deference to the trial court, and "will not disturb a trial court's denial of summary judgment unless we find that the court has indeed abused its discretion." Little Six, Inc. v. United States, 280 F.3d 1371, 1373 (Fed. Cir. 2002) (citation and quotation omitted).

Summary judgment is appropriate when no genuine issue as to any material fact has been shown by the non-movant's evidence and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Thus, summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether summary judgment is appropriate, we view the evidence in a light most favorable to the opposing party and resolve doubts in its favor. Ethicon, 149 F.3d at 1315. This means all reasonable inferences must be drawn in the non-movant's favor. At the same time, "in ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." Anderson, 477 U.S. at 254.

B.      Analysis

The district court adopted the Special Master's findings and conclusions that five documents constituted pre-critical date commercial offers for sale under § 102(b) and that, all of the Remaining Claims were invalid. The parties dispute: (1) whether any of the documents rises to the level of a commercial offer under the Group One standard; (2) whether some of the documents were communicated to the alleged offerees prior to

4

the critical date; and (3) whether the subject matter of any of the alleged offers correlates to the methods of the Remaining Claims.

To prevail on an on-sale bar defense, an accused infringer must demonstrate by clear and convincing evidence that there was a definite sale or offer for sale of the claimed invention prior to the critical date. Linear Tech. Corp. v. Micrel, Inc., 275 F.3d 1040, 1047 (Fed. Cir. 2001) (citation and quotation marks omitted). "Only an offer which rises to the level of a commercial offer for sale, one which the other party could make into a binding contract by simple acceptance (assuming consideration), constitutes an offer for sale under § 102(b)." Group One, 254 F.3d at 1048. In addition, to satisfy the on-sale bar, the subject matter of the sale or offer for sale must satisfy each limitation of the claim, though it may do so inherently. Scaltech, Inc. v. Retec/Tetra, L.L.C., 269 F.3d 1321, 1329 (Fed. Cir. 2001). Inherency, however, may not be established merely by probabilities or possibilities. Id.

1.    The Correlation Between the Alleged Offers and the Methods of the Remaining Claims

Lacks argues that the five documents cannot invalidate the Remaining Claims under the on-sale bar because they "do not unambiguously require practice of any of the methods of the Remaining Claims." The Special Master rejected Lacks' argument on three grounds: the law of the case, waiver, and the absence of affirmative evidence. We address each in turn.

First, the Special Master noted that in the prior round of litigation, he had found that "the assembly method that Lacks was offering to perform … coincided with the subject matter of the Remaining Claims." Acknowledging that we vacated and

5

remanded the invalidity ruling, the Special Master nevertheless explained that "[n]othing is described as vacated except the 'finding of invalidity.'" He stated that his "earlier reliance on a later superseded legal standard to reach the ultimate conclusion of invalidity did not taint the underlying findings concerning such issues as … the correlation between the assembly method that Lacks was attempting to commercialize and the method covered by the Remaining Claims." Therefore, the Special Master concluded that his factual conclusions on the correlation issue "survived the Federal Circuit's decision and are part of the mandate" and "constitute the law of the case." We disagree.

The doctrine of law of the case generally bars retrial of issues that were previously resolved on appeal, assuming one was taken. Intergraph Corp. v. Intel Corp., 253 F.3d 695, 697 (Fed. Cir. 2001). Issues not decided by the reviewing court in a prior proceeding are not covered by the law of the case doctrine. E-Pass Techs., Inc. v. 3Com Corp., 473 F.3d 1213, 1218 (Fed. Cir. 2007) (citation and quotation omitted). In addition, courts may depart from the law of the case under certain circumstances, including the discovery of new and different material evidence that was not presented in the prior litigation, or an intervening change of controlling legal authority, or when the prior decision is clearly incorrect and its preservation would work a manifest injustice. Id. at 698.

In the last appeal, we did not decide the correlation issue. We first note that the Special Master's findings on correlation in the first round of litigation is insufficient as it includes only general conclusions, and no claim-by-claim and limitation-by-limitation analysis, as we show later in this opinion. More importantly, the five documents now at

6

issue were not even part of the record then. We faced no factual findings by the Special Master on the correlation issue regarding these newly-discovered documents. Thus, we could not have affirmed, explicitly or implicitly, any factual finding not in existence at the time of the last appeal. The five specific documents were only discovered post-remand and then used for determination of the commercial offer for sale under the new Group One standard. They are substantially different from the evidence gathered and adjudicated under the prior, totality-of-circumstances standard. Therefore, law of the case does not settle the correlation issue.

Similarly, in the last appeal, Lacks could not have challenged the correlation issue regarding these specific documents because they were not a part of the record. Accordingly, Lacks did not waive its no-correlation argument with respect to these five documents.

Lastly, the Special Master faulted Lacks for "not com[ing] forward with any affirmative evidence that the offered assembly method was other than the patented method." Here again, the Special Master erred. As we have previously stated, "[a] non-movant need not always provide affidavits or other evidence to defeat a summary judgment motion. If, for example, the movant bears the burden and its motion fails to satisfy that burden, the non-movant is not required to come forward with opposing evidence." Zenith Elecs. Corp. v. PDI Commc'n Sys., 522 F.3d 1348, 1363 (Fed. Cir. 2008).

In this case, Defendants, having the ultimate burden of proving invalidity by clear and convincing evidence, also have the initial burden of going forward with evidence to support their allegation that there is at least one such offer for sale that corresponds to

7

2008-1167

the methods of Remaining Claims. On appeal, Defendants point to their Reply Brief in support of their motion for summary judgment. They argue that "the record includes a veritable mountain of case-by-case evidence that the process offered by Lacks in each of the Five Offers did indeed correspond to the invention of the Remaining Claims." They assert that "[t]his evidence constitutes a powerful prima facie showing" on the correlation issue.

However, the portion of the Reply Brief that Defendants cite contains only vague, general statements. We discern neither claim-by-claim nor limitation-by-limitation analysis of whether the subject matter of any of the five alleged offers corresponds to the methods of any of the Remaining Claims.[1] For example, Defendants assert that during the pre-critical date period, "Lacks focused exclusively on the invention of the Remaining Claims as the means for attaching a 'closely-conforming' cladding to a wheel." We first observe that during the same time period, Lacks filed several other patent applications covering different methods for assembling an overlay to a wheel. Indeed, the '213 patent itself includes several other assembly methods. Such objective evidence appears to be in direct contradiction with Defendants' assertion. At the very least, under the appropriate legal standard for summary judgment, when the evidence is viewed in a light most favorable to Lacks, we cannot conclude that the subject matter of any document satisfies each and every claim limitation of any of the Remaining Claims. See Scaltech, 269 F.3d at 1329.

---

[1] Under the patent statute, the validity of each claim must be considered separately. See 35 U.S.C. § 282 ("Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims . . . ."). The district court, in adopting the Special Master's findings, erred in only considering a single claim in the analysis.

Because Defendants did not meet their initial burden to support their allegation "that the process offered by Lacks in each of the Five Offers did indeed correspond to the invention of the Remaining Claims," the district court erred in adopting the Special Master's findings on the correlation issue and in granting summary judgment of invalidity in Defendants' favor.

2.    The Pre-Critical Date Offers for Sale

With respect to the pre-critical date offers, we hold that genuine issues of material fact exist as to whether any of the five documents in dispute rises to the level of a commercial offer or whether some of the alleged offerers were communicated to the offerees prior to the critical date. Therefore, the grant of summary judgment of invalidity in Defendants' favor was inappropriate for this reason as well.

For example, the Special Master concluded that "in accordance with the course of dealing and usage of trade in the automobile industry," all five documents satisfied the Group One test for a commercial offer. It is true that when we remanded the case, we instructed that the district court should consider the sales practice in the automobile industry to determine if any of Lacks' documents of its sales activities rises to a contractual offer for sale. Lacks Indus., 322 F.3d at 1351. On remand, Defendants' experts submitted that in the automobile industry, an OEM, such as Chrysler, would often accept a supplier's initial quote, such as a SCORE proposal, subject to possible future revision. However, Lacks' witnesses testified that the purpose of submitting a SCORE proposal was "first to garnish [if Chrysler is] even interested and then [if the proposal is] even valid . . . ." When viewing this record in a light most favorable to Lacks and resolving doubts in favor of Lacks, we cannot conclude that Defendants have

9

established an automobile industry practice by clear and convincing evidence such that a reasonable fact-finder could not decide in Lacks' favor.

Similarly, one alleged offeree testified that there was no reason for him to think that he received a Lacks' internal memorandum, an alleged offer, after the critical date. However, he also stated that because it had been so many years, his memory was very vague.[2] Another alleged offeree testified that he did not believe that another Lacks' internal memorandum, also an alleged offer, was ever given to him by Lacks. We conclude, based on such evidence, especially when viewed in a light most favorable to Lacks, that there are genuine issues as to material facts regarding if and when the documents at issue were communicated to the alleged offerees. Because a reasonable fact finder could find that there is no clear and convincing evidence that these documents were communicated to the alleged offeree prior to the critical date and therefore, could return a verdict for Lacks, summary judgment of invalidity in favor of Defendants is inappropriate.

Lacks asserts that the district court incorrectly denied its motion for summary judgment on validity. However, the trial court has discretion to deny a motion for

---

[2] At oral argument, our attention was brought to the witness's testimony stating that "there's no reason for me to think it was after [the critical date,] I guess. I guess that's awful[ly] vague. It's been so many years." When asked whether he considered this to be clear and convincing evidence, Defendants' counsel answered "Yes!" We are aware of counsel's zealousness in representing the clients. We are also mindful that this litigation has been drawn out for much too long. Still, we are hard-pressed to equate "awful[ly] vague" speculation to clear and convincing evidence. It is our opinion that, an effective advocate would better serve the clients' interests, and become a more trustworthy officer of the court, by using sound judgment to deal with less favorable facts, not by asserting questionable statements, even when under pressure.

10

summary judgment.  Lacks does not argue, and we do not find, any abuse of discretion. Therefore, the district court's denial of Lacks' motion for summary judgment is affirmed.

### III.

In sum, we affirm in part, reverse in part, and remand.  We affirm the district court's denial of motion for summary judgment to Lacks on validity.  We reverse and remand the district court's grant to Defendants summary judgment of invalidity.  On remand, the district court should decide whether Defendants' can establish by clear and convincing evidence: (1) that any of the five documents at issue rises to the level of a commercial offer for sale under the Group One standard; (2) if so, that the same document was communicated to an offeree prior to the critical date; and (3) that the subject matter of the document satisfies each and every claim limitation of any of the Remaining Claims.  We assume that the district court (or the Special Master) will apply the correct legal standard in the further proceedings consistent with this opinion.  If it does not find the Remaining Claims invalid, the court must then determine the extent of the damages Lacks suffered as a result of the infringement of the Remaining Claims by Defendants.

2008-1167